Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| Terri Lyn Galloway, | Case No. |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| v. | |
| Laundry City Inc., | **Jury Trial Demanded** |
| Defendant. | |

Plaintiff Terri Lyn Galloway ("Plaintiff") alleges the following:

## INTRODUCTION

Plaintiff brings this action against Defendant Laundry City Inc. ("Defendant") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability and service animal and denying Plaintiff equal access to the Laundry City located at 2487 East Main Street in Stockton, California. ("Laundry City").

## PARTIES

1. Plaintiff is a natural person. Plaintiff is and has been considered disabled.

2. Defendant is a California Corporation with its principal address in Fremont, California. At all times relevant to this complaint, Defendant owned, managed, operated, and/or was otherwise responsible for Laundry City.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et seq.

4. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California state law.

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Laundry City is in this district and Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

6. Plaintiff is disabled.

7. Plaintiff suffers from, among other things, diabetes, heart and kidney failure, hearing loss, and chronic obstructive pulmonary disease.

8. Plaintiff utilizes a service dog to help assist with her disabilities.

9. Plaintiff's service dog is specifically trained to alert plaintiff to noises that she cannot hear, such as a doorbell or phone call; and bring someone to help Plaintiff if she is in distress.

10. For instance, Plaintiff's service dog is trained to alert a person by barking at them if Plaintiff becomes unresponsive to try to summon help.

11. Plaintiff's service dog can also stand on Plaintiff's life protect watch to call for help in an emergency situation where Plaintiff cannot summon help on her own.

12. Plaintiff's service dog provides crucial assistance for her disabilities and helps ensure her safety and wellbeing. The tasks that Plaintiff's service dog is trained to perform are specifically tailored to Plaintiff's needs, and help her to live as independently and comfortably as possible despite her health challenges.

13. On or about January 4, 2023, Plaintiff visited Laundry City. Plaintiff was there with her service dog to wash her household laundry.

14. Plaintiff visited the laundromat in the evening.

15. During her visit, someone that appeared to be the manager of the laundromat loudly yelled at Plaintiff and told her that she would have to take her service dog outside because Defendant has a "no pets" policy.

16. Plaintiff calmy responded that her dog was in fact a working service dog and that it was illegal for Defendant to discriminate against her or her service dog.

17. Defendant's agent again told Plaintiff that he does not allow any pets inside the laundromat.

18. This back and forth continued for quite some time. Despite Plaintiff trying to explain that her dog was not a pet but a working service dog, Defendant's agent continued to yell at and harass Plaintiff.

19. Ultimately Defendant's agent left and went back to his office, only to re-emerge a few minutes later to begin yelling at Plaintiff again.

20. Plaintiff bravely stood up for herself and her rights, but Defendant's agent kept up his relentless harassment until Plaintiff ultimately left the laundromat.

21. Defendant's laundromat is a convenient location for Plaintiff to perform household laundry.

22. Plaintiff would like to return in the future when Defendant ceases its discriminatory treatment of disabled customers utilizing service animals.

23. It is important for individuals with multiple health conditions, such as diabetes, heart and kidney failure, hearing loss, and chronic obstructive pulmonary disease, to be allowed to bring their service dog to a laundromat. Service dogs can be trained to alert others when their handler is in distress or activating devices to alert emergency services, which can prove invaluable and even life-saving. Denying a person with health conditions that could lead to an emergency situation, suddenly and unexpectedly, access to a laundromat unless he or she gives up her service dog could force that person to make the tragic choice of whether or not to put his or her very life at risk, all just to do laundry. Never mind the denial of full and equal access to a person

who is hard-of-hearing if the dog is also trained to alert the person to things such as phone calls since they are forced to unnecessarily deprive him or herself the use of a device that other people can regularly use in the same place.

# FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

24. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

25. Title III of the ADA bans disability discrimination against an individual in places of public accommodation.

26. The Laundry City is a public accommodation.

27. The ADA prohibits, among other types of discrimination, failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

28. Defendant has a policy that restricts and denies access to persons like Plaintiff.

29. Defendant's conduct knowingly and willfully excluded Plaintiff from equal access to the public accommodation.

30. As a result of Defendant's conduct, denying Plaintiff equal access to the Laundry City, Plaintiff faces continuing discrimination. Plaintiff continues to suffer denial of access and faces the prospect of unpleasant and discriminatory treatment should Plaintiff attempt to return to the Laundry City.

31. It is readily achievable for Defendant to provide Plaintiff and other disabled people like Plaintiff full and equal access to the Laundry City.

32. Defendant does not have any legitimate business justification to excuse the denial of Plaintiff's equal access.

33. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the

Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a disabled person for purposes of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing Plaintiff will be subjected to such discrimination each time that Plaintiff may use the property and premises, visit, or attempt to patronize the Laundry City, in light of Defendant's conduct.

34. Defendant's acts have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

35. Plaintiff seeks injunctive relief as to Defendant's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons. Further, Plaintiff seeks an award of reasonable statutory attorney fees, litigation expenses, and costs.

## SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

36. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

37. Defendant intentionally discriminated against Plaintiff, denying Plaintiff full and equal access to the Laundry City.

38. Laundry City is a business establishment.

39. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

40. Defendant's acts and omissions as specified with regard to the discriminatory treatment of Plaintiff, on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied Plaintiff's right to full and equal accommodations, advantages, facilities,

privileges, or services in all business establishments of every kind whatsoever.

42. Plaintiff was harmed.

42. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

43. Defendant's conduct violated the ADA.

44. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

45. Plaintiff also seeks to enjoin Defendant from violating disabled persons' rights.

## **PRAYER**

Plaintiff hereby prays for the following:

1. Injunctive relief enjoining Defendant from engaging in unlawful discrimination against disabled persons with service animals when visiting the Laundry City, including, specifically, enjoining its policy of denying access to persons with service animals access to the Laundry City without performing a good faith assessment of the reasonableness of modifying it policies to accommodate such disabled person; in addition injunctive relief compelling Defendant to establish and follow, in good faith, a policy to conduct a good faith assessment when evaluating a visitor with a service animal and/or other such injunctive relief as the deems appropriate;

2. Damages of no less than $25,000;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, Code of Civil Procedure section 1021.5, and/or other statute(s), expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: May 2, 2023                                    Law Office of Rick Morin, PC

_____
Richard Morin
Attorney for Plaintiff